**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**IRON WORKERS LOCAL 12
PENSION FUND et al.,**

                 **Plaintiffs,**                1:14-cv-913
                                                          (GLS/CFH)

                 **v.**

**TAP STEEL, INC. et al.,**

                 **Defendants.**

_____

## SUMMARY ORDER

Following a September 24, 2014 entry of default against defendants Tap Steel, Inc. and Timothy A. Paluck, (Dkt. No. 8), plaintiffs[1] moved for default judgment, alleging entitlement to $576,747.92 in fringe benefit

---

[1] Iron Workers Local 12 Pension Fund, by William H. Eggleston, III and Henry Digeser, Trustees; Iron Workers Local 12 Health Insurance Fund, by Eggleston and Digeser, Trustees; Iron Workers Local 12 Joint Training and Education Fund, by Eggleston and Digeser, Trustees; Iron Workers Local Union No. 12 and Employers Cooperative Trust, by Eggleston and Digeser, Trustees; Iron Workers Local Union No. 12, by Eggleston, Business Manager; Iron Workers District Council of Western New York and Vicinity Welfare Fund, by Suzanne Ranelli, Administrative Manager; Iron Workers District Council of Western New York and Vicinity Pension Fund, by Ranelli, Administrative Manager; Iron Workers District Council of Western New York and Vicinity Annuity Fund, by Ranelli, Administrative Manager; Upstate Ironworker Employers' Association, Inc., by John Gorczynski, President; Upstate New York District Council of Iron Workers Employers Cooperative Trust, by George Merkling and John Linehan, Jr., Trustees; Iron Workers Local Union No. 33/440 Supplemental Benefit Fund, by Gerry Geartz and Linehan, Trustees; Iron Workers Local No. 33 Joint Apprenticeship Committee Apprentice Training Fund, by Geartz and Linehan, Trustees; International Association of Bridge, Structural and Ornamental Iron Workers Local Union No. 440 Joint Apprenticeship Training Fund, by Thomas Thomas and Gorczynski, Trustees; Iron Workers Local Union No. 33, by Linehan, Business Manager; and Iron Workers Local Union No. 440, by Thomas, Business Manager.

contributions, dues deductions, interest, liquidated damages, plus audit fees, and attorneys' fees and costs against Tap Steel, and $315,804.12 in such damages against Paluck, (Dkt. No. 20; Dkt. No. 20, Attach. 1 at 1, 15).[2]

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). In determining the propriety of damage claims, however, a hearing is not required where the court is able to "rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Upon a review of the plaintiffs' detailed submissions and calculations, the court finds that their claims for unpaid contributions, interest, liquidated damages, attorneys' fees, and costs are supported. (*See generally* Dkt. No. 20, Attachs. 2-12.)

---

[2] After plaintiffs filed their motion for default judgment, they requested the court stay the action as to Paluck due to his filing of a Bankruptcy petition under Chapter 13 of the Bankruptcy Code and enter judgment as to Tap Steel alone. (Dkt. No. 22.) In a Text-Only Order, the court stayed the action in its entirety. (Dkt. No. 23.) Thereafter, plaintiffs filed a motion for reconsideration. (Dkt. No. 24.) On December 16, 2015, plaintiffs filed a letter motion requesting the court lift the stay in its entirety, as Paluck's bankruptcy proceeding has been dismissed. (Dkt. No. 26.) Accordingly, plaintiffs' motion to lift the stay is granted, and the motion for reconsideration is denied as moot.

While the presumption in ERISA cases is "that the individual officers and shareholders are separate entities from the corporation," *Goldberg v. Colonial Metal Spinning and Stamping Co.*, No. 92 Civ 3721, 1993 WL 361672, at *4 (S.D.N.Y. Sept. 14, 1993), individual liability is appropriate where, by commingling plan assets with general corporation assets and electing to pay creditors rather than the funds, an officer attains fiduciary status, *see LoPresti v. Terwilliger*, 126 F.3d 34, 40 (2d Cir. 1997). Accepting plaintiffs' uncontested factual assertions as admitted, Paluck "owned, controlled, and dominated the affairs of" Tap Steel, and "commingled, or permitted the commingling of" corporation and fund assets "to pay . . . creditors." (Compl., Dkt. No. 1 ¶¶ 76-79.) Accordingly, the court grants the requested default judgment against defendants Tap Steel, Inc. and Paluck and awards the plaintiffs damages plus post-judgment interest pursuant to 28 U.S.C. § 1961(a). Finally, the court grants plaintiffs' request to file a supplemental affidavit of attorneys' fees and costs incurred subsequent to June 16, 2015. (Dkt. No. 20 at 2.)

**ACCORDINGLY**, it is hereby

**ORDERED** that plaintiffs' motion to lift the stay (Dkt. No. 26) is **GRANTED**; and it is further

**ORDERED** that plaintiffs' motion for default judgment (Dkt. No. 20) is **GRANTED**; and it is further

**ORDERED** that the clerk is directed to enter judgment against Tap Steel, Inc, in the amount of $576,747.92 plus post-judgment interest pursuant to 28 U.S.C. § 1961(a); and it is further

**ORDERED** that the clerk is directed to enter judgment against Timothy A. Paluck, in the amount of $315,804.12 plus post-judgment interest pursuant to 28 U.S.C. § 1961(a); and it is further

**ORDERED** that plaintiffs may submit, within thirty (30) days, a supplemental affidavit of attorneys' fees and costs incurred subsequent to June 16, 2015; and it is further

**ORDERED** that plaintiffs' motion for reconsideration (DKt. No. 24) is **DENIED**; and it is further

**ORDERED** that plaintiffs shall serve this Order upon defendants in accordance with the Local Rules of Practice and the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

September 8, 2016
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge